1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   TAELIENIU FAATILIGA,                          1:09-cv-02039-LJO-DLB (HC)

10                      Petitioner,               FINDINGS AND RECOMMENDATION
                                                  REGARDING RESPONDENT'S MOTION TO
11          v.                                    DISMISS

12                                                [Doc. 11]
    JAMES D. HARTLEY,
13
                        Respondent.
14  _____/

15
16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2254.

18                                      BACKGROUND

19          In the instant petition, Petitioner challenges the Board of Parole Hearings' (Board)

20  November 27, 2007 decision finding him unsuitable for release.  More specifically, Petitioner

    contends that his federal due process rights were violated by not allowing him to speak at the
21
    2007 hearing, and there is not some evidence to support the Board's decision.
22
            On December 4, 2008,[1] Petitioner filed a petition for writ of habeas corpus in the San
23
    Diego County Superior Court raising the same challenges as the instant petition.  (Exhibit 1, to
24

25  _____

26          [1] All filing dates set forth herein reflect application of the mail-box rule. See Rule 3(d) of the Federal Rules
    Governing Section 2254 Cases; See Houston v. Lack, 487 U.S. 266 (1988) (deeming a prose prisoner's notice of
27  appeal filed at the moment it was delivered to prison authorities for forwarding to the clerk of court).  The Ninth
    Circuit Court of Appeals held in Saffold v. Newland, 250 F.3d 1282, 1288-89 (9th Cir. 2000 amended May 23, 2001)
28  that the "mailbox" rule as provided for in Houston also applies to state and federal petitions with respect to
    calculating the statute of limitations under the AEDPA.

1    Motion.)  The superior court denied the petition in a reasoned decision on January 29, 2009.

2    (Exhibit 2, to Motion.)

3           Petitioner then filed a petition in the California Court of Appeal, Fourth Appellate

4    District on February 10, 2009.  (Exhibit 3, to Motion.)  The appellate court denied the petition in

5    a reasoned decision on March 23, 2009.  (Exhibit 4, to Motion.)  Petitioner then proceeded to the

6    California Supreme Court, which denied the petition without comment on October 22, 2009.

7    (Exhibits 5 & 6, to Motion.)

8           Petitioner filed the instant petition for writ of habeas corpus on November 18, 2009.

9    (Court Doc. 1.)  On January 29, 2010, Respondent filed a motion to dismiss Petitioner's first

10   challenge to his removal from the Board hearing.  (Court Doc. 11.)  On February 19, 2010,

11   Petitioner filed an opposition, and Respondent filed a reply on February 25, 2010.  (Court Docs.

12   12, 13.)

13                                  DISCUSSION

14   A.      Procedural Grounds for Motion to Dismiss

15          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

16   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

17   entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

18          The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

19   if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

20   the state's procedural rules.  See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

21   (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

22   v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

23   motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

24   (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a

25   response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533

26   F.Supp. at 1194 & n. 12.

27          In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.

28   2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion

                                        2

1    to dismiss pursuant to its authority under Rule 4.

2    B.      Limitation Period for Filing a Petition for Writ of Habeas Corpus

3           On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

4    of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

5    corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

6    2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118

7    S.Ct. 586 (1997).  The instant petition was filed on November 18, 2009, and thus, it is subject to

8    the provisions of the AEDPA.

9           The AEDPA imposes a one year period of limitation on petitioners seeking to file a

10   federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244,

11   subdivision (d) reads:

12          (1)  A 1-year period of limitation shall apply to an application for a writ of
             habeas corpus by a person in custody pursuant to the judgment of a State court.
13          The limitation period shall run from the latest of –

14                  (A) the date on which the judgment became final by the conclusion of
             direct review or the expiration of the time for seeking such review;
15

16                  (B) the date on which the impediment to filing an application created by
             State action in violation of the Constitution or laws of the United States is
17          removed, if the applicant was prevented from filing by such State action;

18                  (C) the date on which the constitutional right asserted was initially recognized
             by the Supreme Court, if the right has been newly recognized by the Supreme Court and
19          made retroactively applicable to cases on collateral review; or

20                  (D) the date on which the factual predicate of the claim or claims
             presented could have been discovered through the exercise of due diligence.
21

22          (2) The time during which a properly filed application for State post-
             conviction or other collateral review with respect to the pertinent judgment or
23          claim is pending shall not be counted toward any period of limitation under this
             subsection.
24

25          In most cases, the limitations period begins running on the date that the petitioner's direct

26   review became final. In a situation such as this where the petitioner is challenging a parole board

27   decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations

28   commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d

1   1077, 1079 (9th Cir.2003) (holding that § 2241(d)(1)(D) applies in the context of parole

2   decisions and that the Board of Prison Term's denial of an inmate's administrative appeal is the

3   "factual predicate" of the inmate's claim that triggers the commencement of the limitations

4   period).

5       "Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody

6   pursuant to a state court judgment, even when the petition is not challenging his underlying state

7   court conviction.'" Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006),

8   quoting White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir.2004). Under the AEDPA, an

9   application for habeas corpus will not be granted unless the adjudication of the claim "resulted in

10  a decision that was contrary to, or involved an unreasonable application of, clearly established

11  Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision

12  that was based on an unreasonable determination of the facts in light of the evidence presented in

13  the State Court proceeding." 28 U.S.C. § 2254(d).  In the context of reviewing parole decisions,

14  due process requires that: 1) the inmate must receive advance written notice of a hearing, Pedro

15  v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir.1987); 2) the inmate must be afforded an

16  "opportunity to be heard," Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1,

17  16 (1979); 3) if the inmate is denied parole, the inmate must be told why "he falls short of

18  qualifying for parole," Id.; and 4) the decision of the Board must be supported by "some

19  evidence" having an indicia of reliability, Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445,

20  455 (1985); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987).

21      In the instant petition, Respondent contends that the factual predicate for Petitioner's

22  challenge to the denial of an opportunity to be heard at the November 27, 2007, hearing was fully

23  discovered on that date, and the statute of limitations commenced running on that date.  The

24  Court does not find Respondent's argument to be persuasive.  The challenge to the Board's

25  decision must be viewed as a whole and not based on certain factual events therein.  Thus,

26  Petitioner's challenges to the denial of the opportunity to be heard is no different posture from

27  his challenge to the evidence in support the denial of parole.  See cf. Walker v. Crosby, 341 F.3d

28  1240, 1245 (11th Cir. 2003) (limitations period commences running on a habeas petition

4

challenging both resentencing and the original judgment of conviction on the date in which the

resentencing judgment became final because that was the "latest" possible triggering date under §

2244(d)(1).  Therefore, the statute of limitations commenced running for both claims on the date

the decision became final, i.e. March 26, 2008-120 days after the Board rendered its decision.

Under the rationale of Redd, Petitioner could not have known the factual predicate of his claim

unless and until the decision becomes final. See Redd v. McGrath, 343 F.3d at 1084 (statute of

limitations begins to run when administrative decision becomes final) ; see also Banks v.

Kramer, 2009 WL 256449 *1 (E.D. Cal. 2009); Tidwell v. Marshall, __ F.Supp.2d ___, 2009

WL 1537960 (C.D. Cal. 2009); Feliciano v. Curry, 2009 WL 691220 (N.D. Cal. 2009); Ramirez-

Salgado v. Scribner, 2009 WL 211117 (S.D. Cal. 2009).  Thus, with the limitations period

applying to the petition as a whole, both claims are timely and Respondent's motion to dismiss

must be denied.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Respondent's motion to

dismiss Petitioner's first challenge to the denial of the opportunity to be heard be DENIED.

This Findings and Recommendation is submitted to the assigned United States District

Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with

the court and serve a copy on all parties.  Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

and filed within fourteen (14) days after service of the objections.  The Court will then review the

Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that

failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 27, 2010**          _____/s/ **Dennis L. Beck**_____
                                         UNITED STATES MAGISTRATE JUDGE